IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Donald Roush,<br><br>          Plaintiff,<br><br>     v.<br><br>Wal-Mart Stores East, LP,<br><br>          Defendant. | Case No. 3:18-cv-236 |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Wal-Mart Stores East, LP (collectively "Walmart" or "Defendant"), through its attorneys, hereby responds to Plaintiffs' Complaint as follows:

**JURISDICTION AND VENUE**

1. Answering Paragraph 1 of the Complaint, the allegations state conclusions of law to which no response is required; to the extent that any response is deemed to be required, they are denied.

2. Answering Paragraph 2 of the Complaint, the allegations state conclusions of law to which no response is required; to the extent that any response is deemed to be required, they are denied.

3. Answering Paragraph 3 of the Complaint, the allegations state conclusions of law to which no response is required; to the extent that any response is deemed to be required, they are denied.

## PARTIES

4. Answering Paragraph 4 of the Complaint, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegation related to Roush's residence and, therefore, denies same.

5. Answering Paragraph 5 of the Complaint, Walmart admits the allegations to the extent that Wal-Mart Stores East, LP, is a foreign limited partnership with its principal office located in Bentonville, Arkansas. Walmart denies the remaining allegations.

6. Answering Paragraph 6 of the Complaint, the allegations state conclusions of law to which no response is required; to the extent that any response is deemed to be required, they are denied.

## FACTS

7. Answering Paragraph 7 of the Complaint, Walmart admits that Walmart Inc. and its subsidiaries own and operate retail stores located through the United States, one of which is located in Altoona, PA. Walmart denies the remaining allegations.

8. Answering Paragraph 8 of the Complaint, Walmart admits that Plaintiff worked as an Assistant Store Manager for a Walmart store from approximately August 2013 to February 2016. Walmart denies the remaining allegations.

9. Answering Paragraph 9 of the Complaint, Walmart denies the allegations.

10. Answering Paragraph 10 of the Complaint, Walmart denies the allegations.

11. Answering Paragraph 11 of the Complaint, Walmart denies the allegations.

12. Answering Paragraph 12 of the Complaint, Walmart denies the allegations.

13. Answering Paragraph 13 of the Complaint, Walmart denies the allegations.

14. Answering Paragraph 14 of the Complaint, Walmart denies the allegations.

15. Answering Paragraph 15 of the Complaint, Walmart denies the allegations.

16. Answering Paragraph 16 of the Complaint, Walmart admits that, at times, Plaintiff worked over 40 hours a week. Walmart denies the remaining allegations.

17. Answering Paragraph 17 of the Complaint, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

18. Answering Paragraph 18 of the Complaint, Walmart admits that because Plaintiff was a salaried member of management, Walmart was not required to maintain records of the hours he worked. Walmart otherwise denies the allegations.

19. Answering Paragraph 19 of the Complaint, Walmart admits that Plaintiff was classified as an exempt employee who was not eligible to receive overtime pay when he was working as an Assistant Store Manager. To the extent that Plaintiff alleges that he did not receive overtime pay at any time while working at Walmart, Walmart denies the allegations.

20. Answering Paragraph 20 of the Complaint, Walmart denies the allegations.

21. Answering Paragraph 21 of the Complaint, Walmart denies the allegations.

## COUNT I

### (Alleging Violations of the FLSA)

22. The averments of Paragraph 22 of the Complaint do not require a response. Walmart incorporates by reference Paragraphs 1 through 21 of its Answer as though the same were more fully set forth at length herein.

23. Answering Paragraph 23 of the Complaint, the allegations state conclusions of law to which no response is required; to the extent that any response is deemed to be required, they are denied.

24. Answering Paragraph 24 of the Complaint, Walmart denies the allegations.

25. Answering Paragraph 25 of the Complaint, Walmart denies the allegations.

## COUNT II

### (Alleging Violations of the PMWA)

26. The averments of Paragraph 26 of the Complaint do not require a response. Walmart incorporates by reference Paragraphs 1 through 25 of its Answer as though the same were more fully set forth at length herein.

27. Answering Paragraph 27 of the Complaint, the allegations state conclusions of law to which no response is required; to the extent that any response is deemed to be required, they are denied.

28. Answering Paragraph 28 of the Complaint, Walmart denies the allegations.

## PRAYER FOR RELIEF

WHEREFORE, Walmart respectfully requests that this Court deny Plaintiff's prayer for relief and each and every subparagraph thereof, and also prays that this Court find in favor of Walmart, deny Plaintiff's claims for damages of any sort, and grant Walmart all other and further relief this Court deems proper.

* * *

To the extent that any of Plaintiff's allegations in the Complaint have not been expressly admitted or denied by Walmart, they are hereby denied. Accordingly, Walmart requests that the Court enter judgment in its favor and award it costs, attorneys' fees, and any other appropriate relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state claims in whole or in part upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a matter of law because Plaintiff was exempt from the overtime provisions of the Fair Labor Standards Act, Pennsylvania Minimum Wage Act, and all other applicable laws and regulations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the time periods for which he is claiming entitlement to overtime pay fall within the de minimis exception.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statutes of limitations under the Fair Labor Standards Act (29 U.S. Code § 255) and the Pennsylvania Minimum Wage Act (43 P.S. § 260.9a(g)).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that he waived and/or released the claims.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, accord and satisfaction, payment, laches, collateral estoppel, consent, acquiescence, setoff and/or res judicata.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent his actions destroyed any otherwise applicable exemption under the Pennsylvania wage and hour laws, he intentionally took steps as an employee to violate Walmart's policies, practices, and guidelines, and/or worked in violation of direct orders of his supervisors.

## EIGHTH AFFIRMATIVE DEFENSE

Walmart acted in good faith in its determination that Plaintiff was properly classified as an exempt member of management. 29 U.S.C. § 251 et seq.

## NINTH AFFIRMATIVE DEFENSE

Walmart acted without any willful intent to deprive Plaintiff of any compensation to which he is entitled under law. 29 U.S. Code § 255.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Walmart had reasonable grounds for its belief that it was in compliance with applicable laws and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as to all hours during which he was engaged in activities that were preliminary or postliminary to his principal activities.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as to all hours allegedly worked of which Walmart lacked actual or constructive knowledge.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to seek the relief requested.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure to mitigate his damages, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant did not participate in, authorize, ratify, or benefit from the alleged wrongful acts set forth in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure to demand payment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that he seeks duplicative relief or amounts seeking more than a single recovery.

Walmart does not knowingly or intentionally waive any applicable affirmative or other defenses and reserves the right to assert and rely on such other applicable affirmative or other defenses as may later become available or apparent. Walmart further reserves the right to amend its answer and/or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of subsequent discovery. Nothing stated herein constitutes a concession or admission as to whether or not Plaintiff bears the burden of proof on any issue.

Respectfully submitted,

/s/ *Kelly Dobbs Bunting*
Kelly Dobbs Bunting (PA # 88492)
GREENBERG TRAURIG, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 988-7800
buntingk@gtlaw.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I, Kelly Dobbs Bunting, hereby certify that on January 28, 2019, I caused a true and correct copy of the foregoing *Answer to Plaintiff's Complaint* to be served on counsel of record by electronic means through the Court's Electronic Case Filing (ECF) system.

      s/ *Kelly Dobbs Bunting*
      Kelly Dobbs Bunting, Esq.